

FILED
2011 MAY 26 A 11:03

E-filing

KELLY ARMSTRONG, California State Bar No. 213036
THE ARMSTRONG LAW FIRM, P.C.
807 Montgomery St.
San Francisco, California 94133
Telephone (415) 928-1293
Facsimile (415) 928-1294
Email kelly@thearmstronglawfirm.com

INGRID EVANS, California State Bar No. SBN 179094
THE EVANS LAW FIRM
P.O. Box 2323
San Francisco, California 94126-2323
Telephone (888) 503-8267
Facsimile (888) 891-4906
Email ingrid@evanslaw.com

Attorneys for Plaintiff, LANCE HYDE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDL

| | |
|---|---|
| LANCE HYDE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ORACLE CORPORATION, ORACLE AMERICA, INC., ORACLE USA, INC., and DOES 1-100, Inclusive,<br><br>Defendants. | Case No. CV 11 2555<br><br>COMPLAINT<br><br>1) RACE HARASSMENT AND DISCRIMINATION – FEHA<br>2) RETALIATION – FEHA<br>3) RETALIATION IN VIOLATION OF 31 U.S.C. § 3730(h)<br>4) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, through his attorneys, The Armstrong Law Firm, a Professional Corporation, and The Evans Law Firm, respectfully alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730.

2. Personal jurisdiction and venue are proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1395(a), and 31 U.S.C. § 3732(a), as one or more of the Defendants or their agents can be found, reside, transact business, or otherwise engaged in fraudulent conduct within the district.

## II. PARTIES

3. Plaintiff LANCE HYDE (hereinafter "Plaintiff" or "HYDE") was the Supplier Diversity Program Manager for Defendant for approximately one year between May 2008 and May 2009.

4. Defendants ORACLE CORPORATION, ORACLE AMERICA, INC., and ORACLE USA, INC. (hereinafter collectively referred to as "Defendants" or "ORACLE") is one of the world's largest providers of business software and hardware systems. It has over 370,000 customers in over 145 countries. It operates an office in Redwood Shores, San Mateo County, California.

5. The identities of the remaining Doe Defendants who have knowingly submitted false and fraudulent claims, and false statements in support of claims, to the United States are presently unknown to Plaintiff. The listed Defendant and such additional Doe Defendants served as contractors, agents, partners, and/or representatives of one and another in the fraud and submission of false and fraudulent claims, and false statements in support of claims, and were acting within the course, scope and authority of such contract, agency, partnership and/or representation for the conduct described herein.

//

//

## III. ALLEGATIONS

**A. Violations of California's Fair Employment and Housing Act**

6. Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

7. Defendant discriminated against Plaintiff based upon his race and color. Plaintiff was excessively monitored by his supervisors, including being required to copy management on all of his communications.

8. Plaintiff's superiors made racially disparaging remarks to plaintiff.

9. Plaintiff was excluded from important meetings that were necessary for him to perform his job duties in contrast to his non-African American counterparts. He was also directed to perform assignments that he had not been trained to performed and given contradictory instructions.

10. Defendants retaliated against Plaintiff for complaining by wrongfully terminating him on May 27, 2009.

**B. Wrongful Termination of Plaintiff in Violation of the Federal False Claims Act**

11. Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

12. During the course of his employment Plaintiff learned that Defendant submitted inaccurate information in reports it submitted to the federal government pursuant to a contract with the United States General Services Administration ("GSA"). Plaintiff was aware that Defendant made these false statements knowingly in order to get a false or fraudulent claim paid or approved by submitting fraudulent information on its 2008 Summary Subcontract Report ("SSR"). Defendants were in violation of Federal Acquisition Regulations of which Plaintiff made them aware.

13. Prior to his termination, Plaintiff had several conversations with upper management regarding compliance with Defendants' GSA contract and Subcontracting Plan and the errors in the data included in the SSR. He also had discussions with the employee responsible for compiling the data into the SSR and submitting it to the government. Plaintiff's

concerns were not addressed by Defendant.

14. On May 27, 2009, Plaintiff was wrongfully discharged from his employment with Defendant as a result of his questioning of Defendants' reporting practices. The federal False Claims Act protects employees who have been discharged or otherwise discriminated against because of acts done in furtherance of a claim under this section. Specifically, 31 U.S.C. § 3730(h) states:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.

15. Plaintiff was given a pretextual reason for his firing. However, in fact, Plaintiff was fired for complaining about the reporting fraud of Defendants' management.

**C. Common Law Claim for Wrongful Termination in Violation of Public Policy**

16. Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

17. Plaintiff was terminated for reporting and complaining of Defendants' fraudulent and unlawful practices to his superiors. As a result, Defendant retaliated against Plaintiff by firing him – supposedly for performance based reasons. In reality, Defendant terminated Plaintiff for refusing to participate in Defendants' fraudulent conduct.

18. Defendants' retaliation violates California Labor Code § 1102.5 (c), which states:

> An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

19. Defendants' conduct violates the California False Claims Act, which provides protections to employees act lawfully in pursuing a False Claims investigation or action. California Government Code § 12653(b) states:

> No employer shall discharge, demote, suspend, threaten, harass, deny promotion to, or in any other manner discriminate against, an employee in the terms and conditions of employment because of lawful acts done by the employee on behalf of the employee or others in disclosing information to a government or law enforcement agency or in furthering a false claims action, including investigation for, initiation of, testimony for, or assistance in, an action filed or to be filed under Section 12652.

20. Defendants' conduct violates the federal False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, as amended.

21. Defendants conduct violates California Government Code § 12940, *et seq.*

**Count I**

**Unlawful Race and Color Discrimination and Harassment**

**California Government Code § 12940 *et seq.***

22. Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

23. The above conduct was unwelcome and was directed towards Plaintiff based on his race and color. All of the above conduct was part of an ongoing and continuing pattern of conduct.

24. The above conduct caused Plaintiff to perceive his work environments as intimidating, hostile, abusive or offensive and created a hostile work environment based on his race and color.

25. Complaints and/or information about much of the harassing conduct were made to Defendants, but the harassment continued. Defendants failed to conduct a prompt and thorough investigation into allegations of race and color harassment and discrimination. After the complaints, the harassment continued in similar forms and resulted in new forms of harassment and discrimination.

26. Defendants' acts were malicious, oppressive or fraudulent with intent to vex, injure, annoy, humiliate and embarrass Plaintiff, and in conscious disregard of the rights or safety of Plaintiff and other employees of Defendant, and in furtherance of Defendants'

ratification of the wrongful conduct of the managers of Defendant. Accordingly, Plaintiff is entitled to recover punitive damages from Defendant.

27. By reason of the conduct of Defendants and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of Defendants' and each of their actions, Plaintiff sustained economic damages to be proven at trial. As a further result of Defendants' and each of their actions, Plaintiff suffered emotional distress; resulting in damages to be proven at trial.

28. The above harassing and discriminatory conduct violates California's FEHA, Cal. Gov. Code §§ 12940 and 12941, and California Public Policy and entitles Plaintiff to all categories of damages, including exemplary or punitive damages.

**COUNT II**

**Retaliation for Opposing Forbidden Practices**

**California Government Code § 12940 *et seq.***

29. Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

30. In violation of California Government Code § 12940, Defendants retaliated against Plaintiff for having opposed, resisted, and complained of the acts alleged herein.

31. Within a short time after Plaintiff complained regarding harassment and discrimination, Defendant retaliated against Plaintiff by terminating his employment, causing Plaintiff emotional distress.

32. By reason of the conduct of Defendants and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

//

33. As a result of Defendants' and each of their actions, Plaintiff has sustained economic damages to be proven at trial. As a further result of Defendants' and each of their actions, Plaintiff suffered emotional distress; resulting in damages to be proven at trial.

34. The conduct of Defendants and/or their agents/employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions. Defendants and/or their agents/employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants. Consequently, Plaintiff is entitled to punitive damages against Defendants.

## Count III

## False Claims Act 31 U.S.C. § 3730(h)

1. Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

2. Through reporting, investigating, and attempting to stop the fraudulent conduct of Defendant, the Plaintiff was threatened, discharged and discriminated against in the terms and conditions of his employment by Defendant because of lawful acts done by the Plaintiff in furtherance of an action under section 31 U.S.C. § 3729.

3. Plaintiff is entitled to all relief necessary to make him whole, including reinstatement with the same seniority to the position he had before the unlawful termination, two (2) times the amount of back pay lost, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination.

## Count IV

## Wrongful Termination in Violation of Public Policy

4. Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

5. In doing the things herein alleged, Defendant threatened, harassed and discriminated against Plaintiff in the terms and conditions of his employment and ultimately terminated that employment.

6. This conduct was in violation of public policies pursuant to various state and federal laws, and to punish Plaintiff for his opposition to participating in Defendants' fraudulent and illegal practices.

7. In doing the things herein alleged, Defendant violated Labor Code § 1102.5, California Government Code § 12940 *et seq.*, Title 31 of the United States Code § 3730(h), and California Government Code § 12653(b) by retaliating against Plaintiff, including ultimately terminating his employment.

8. As a direct and proximate cause of Defendants' wrongful conduct, plaintiff has sustained and will sustain the loss of salary, as well as interest thereon. Plaintiff has also suffered damages, including, but not limited to, lost health insurance premiums, store discounts, and other valuable employee benefits. Additionally, the actions of Defendants were carried out in a deliberate manner in conscious disregard of the rights of Plaintiff and were malicious, despicable and were intended to harm him. Plaintiff is therefore entitled to punitive damages against Defendants in an amount sufficient to punish Defendants, and to deter future similar misconduct.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. That, as a result of Defendants' unlawful employment actions, Plaintiff receive all relief necessary to make him whole pursuant to 31 U.S.C. § 3730(h);

2. That, as a result of Defendants' unlawful employment actions, Plaintiff receive all relief necessary to make him whole pursuant to federal and state causes of action for wrongful employment conduct, retaliation, and termination;

3. That, as a result of Defendants' violation of public policy, plaintiff receive all relief necessary to make him whole pursuant to federal and state law, including punitive damages;

4. That, as a result of Defendants' violations of the California Fair Employment and Housing Act, Cal. Gov. Code § 12940, *et seq.*, plaintiff receive all relief necessary to make him whole pursuant to state law, including punitive damages;

5. That Plaintiff be awarded all costs of this action, including attorneys' fees, costs, and expenses; and

6. That Plaintiff recover such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: May 26, 2011

THE ARMSTRONG LAW FIRM

KELLY ARMSTRONG, Esq.
California State Bar No. 213036
807 Montgomery St.
San Francisco, California 94133
Tel: (415) 928-1293
Fax: (415) 928-1294
Email: kelly@thearmstronglawfirm.com

Attorneys for Plaintiff
LANCE HYDE